Judge Roane
was opposed to taking up the case. There might be sufficient grounds for continuance. Where a bill of exceptions is palpably frivolous, and the Court can have no doubt of it, the cause will be taken up as a delay case. But, without giving any opinion on the merits, he did not think this such a case.
Judge Tucker
thought there were prima facie good grounds for the indulgence asked for by the appellant; especially as the creditor had thought proper to commence an action on the bond, by which the executor might eventually be charged personally, instead of pursuing his remedy on the mortgage. He mentioned the case of Hook v. Nanny and others,(1) in which this Court had reversed *158 a judgment, because the Court below had refused a conti~ nuance when it ought to have been granted. The case Chisholm v. Anthony,(a) turned upon the equity of allow. *159 ing an executor or administrator to amend his plea, as fur- , . . , , . tner information oí the state of the assets might render it necessary.
Judge Fleming
said, it was the unanimous opinion of the Court, that the cause should not be taken up as a delay-case.

 Hook against Nanny and others.
November 9, 1805.
Order Book, No. 5. p. 239. MS.
THIS was an action of trespass, assault and battery, and false imprisonnu-nt, brought by the appellee, Nanny, and five others, her children, in the County Court of Montgomery, for the recovery of their *158 freedom. Flea, that the p1aint~ITh are slaves, and the property of the defendants. Replication, that they are free persons, and not slaves.
At the trial, the derendant (Hook) filed three several bills of excep~ tion to the opmicm of the Court, one of which was in the following words: " On this cause being called, the defendant, Hook, moved the Court for a continuance, stating, on oath, that one of his counsel, in " whose assistance lie materially relied, was absent~ He further sta~ "ted, that Birain, Ballard was a material witness, and, without whose testimony, he could not safely go to trial; that he had enclosed a "subpmna in a letter directed to ~`1lexander Sinyth, one of his counsel, to be by him conveyed to (he sberiT of Grayeon, in which County the witness resided; that the letter was neglected to be delivered by the person to whom it was confided; that t ii person to whom it was coir "fided was the Deputy Clerk, who did not know the letter contained a snbp~na. I-Ie further stated, that lie had recently discuvered testj"mony, which he conceived very material, in the State of Earth caro~ " lisa, which he had not been able to procure. On these facts, the "counsel for the defendant founded the motion for a continuance, as it " was the first time the cause was called. But the Court overruled. " the motion ; the counsel for the plaintiffs agreeing to admit a cer"tam aflidavit taken by the defendant, which was said to contain some of the information thus lately discovered; and determined that the " cause should come to trial: the defendant's counsel objected, and, "to save the benefit thereof, prayed that this his bill might be sealed, "which was done."
TTerhct, that the plaintiITh were entitled to their freedom, and judg. ment thereon, in the County Court, from which an appeal was taken to the District Court, holden at the Sweet ~`pringr, where the judgment was affirmed, and Hook again appealed to this Court.
Saturday, Noeember 9, 1805. The opinion of the Court was, that the judgments were erroneous in this " that the cause ought to have "been continued for one term, on the motion, and at the Costs of the "said John Hook, for the reasons assigned by him in his first bill of "exceptions." Judgments of the District and County Courts reversed, verdict set aside, and a new trial directed.
[oZ7 In the case of Wood and Bemis v. Young, 4 Cranch, 237. the Supreme Court of the United States decided di~rent1y ; being of opinion that, after a cause is at issue, the granting or refusing a continuance i~ merely a matter of favour and discretion ~" and that the Court *159 above cannot look into the merits of the question, whether the “ Court below ought to have granted a continuance of the cause.”—■ Shiere, as to the propriety of the decision in that case, -which was submitted without argument, and seems not to have been fully considered. Courts may and must often exercise a discretion ; but it lias always been held, that it must be a sound and legal discretion. Were it otherwise, a party might be as much aggrieved by an arbitrary or erroneous exercise of discretion during the progress of a cause, as by the most erroneous opinion on the final judgment; and yet in one case he could obtain redress before a higher tribunal, but not in the other-]

 1 Hen. & Munf. 27.